Opposed to the plaintiff, then, are many of the facts of her own testimony, the parish records, and the statements of relatives and neighbors of the Meehans. It is true that these statements are not as definite as they might be, and they do not fully accord, but nevertheless they tend to show that the decedent was beyond the age limit when he applied for membership in the defendant. In the final analysis the plaintiff had but little, if anything, to rest upon in the testimony adduced by her, save the final statement of the witness James Maloney. That is plainly insufficient to sustain a verdict for the plaintiff, when opposed by the evidence presented by the defendant.

I think that the exception to the admission of the baptismal record of the parish church is not well taken. It is true that in a case cited as in 15 N. Y. Supp. 41, by the learned counsel for the appellant (Preuster v. Supreme Council, 60 Hun, 324, 327, 15 N. Y. Supp. 41), the court say that a copy of an entry in the baptismal register of St. Stephen's Church at Langensalza, Saxony, was inadmissible as evidence in that case, but it gives no reason and cites no authority. I cannot, therefore, determine the ground of the decision; it may have been based upon some fault in proof, or some circumstance peculiar to that case. But that such a register was admissible is expressly held in Maxwell v. Chapman, 8 Barb. 579, 582, and by the former General Term of this department in Jacobi v. Order of Germania, 73 Hun, 602, 26 N. Y. Supp. 318, and the decision is cited for the like proposition in Hartshorn v. Metropolitan Life Ins. Co., 55 App. Div. 471, 67 N. Y. Supp. 13.

The judgment should be affirmed, with costs. All concur, except HIRSCHBERG, P. J., and BARTLETT, J., who dissent on the ground that in their opinion the question was one for submission to the jury.

---

## PETTY v. EMERY.

(Supreme Court, Appellate Division, First Department. June 10, 1904.)

1. TRUSTS—BREACH OF TRUST—ACTION AGAINST TRUSTEE—NECESSARY AVERMENTS.

     While a trustee must not do any act inconsistent with the trust, or deny the title of the cestui que trust, plaintiff, in an action against the trustee, must set forth facts which are inconsistent with the trust, or which constitute a denial of the cestui's trust.

2. PLEADING—CONCLUSIONS OF LAW.

     Allegations that defendant has arbitrarily and wrongfully manipulated the affairs of a company, and has denied and disputed plaintiff's right to certain stock, are mere conclusions of law.

3. SAME—EFFECT OF DEMURRER.

     On demurrer, conclusions of law are not admitted.

Appeal from Special Term, New York County.

Action by William S. Petty against Samuel Emery. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed on the opinion of the court below.

The following is the opinion of the court below at Special Term (Clarke, J.):

The complaint alleges that in May, 1903, the defendant received from Willis B. Dowd, plaintiff's assignor, a certificate for 250 shares of the common stock of the Smokeless Calorific Company, "as trustee, to hold and cancel said certificate upon the issuance to the said Willis B. Dowd of a new certificate for the same amount of shares of said company, as soon as the same shall be issued for delivery to the subscribers"; that upon the delivery of the old certificate to defendant he delivered to the plaintiff's assignor an interim certificate, which certifies that Dowd or assigns will be entitled to receive at the office of De Witt & Co., "as soon as the shares of said company are issued for delivery to the subscribers," 250 shares upon the surrender of the interim certificate properly indorsed in lieu of the old certificate "which was surrendered and canceled." This interim certificate is signed by the defendant as trustee. The complaint further alleges that the new shares "have long since been ready for issuance," and that prior to the commencement of this action the interim certificate, properly indorsed, was offered for surrender, but "said defendant has arbitrarily and wrongfully manipulated the affairs of said company, so that the said shares have not been placed in the hands of C. H. De Witt & Co. for delivery to the holder of said interim certificate, and has denied and disputed the right and title of said Willis B. Dowd and his assigns to said 250 shares of stock therein mentioned." The demand is that the defendant account as trustee and deliver back the old certificate, or pay the value thereof to the plaintiff.

The defendant demurs on the grounds that the complaint does not state facts sufficient to constitute a cause of action, and that there is a defect of parties, in that the company should have been made a party defendant.

As I am of the opinion that the demurrer must be sustained on the first ground, it is unnecessary to pass upon the second. From the complaint submitted it appears that the duty imposed upon the trustee was merely to hold the old certificate, for which the interim certificate was given, until the new shares were issued and placed in the hands of a depository for delivery to the subscribers, and upon the issuance of such new shares to cancel the old certificate. It is alleged that the shares which were to be delivered at the office of the depository have long since been ready for issuance, but it is not alleged that they have been issued. It does not appear that it was the duty of the defendant trustee to issue the new shares and place them in the hands of the depository. It is not alleged that the defendant was an officer or director or in any way responsible for the issuance or delivery of the new shares, which are not even to pass through his hands. He merely certifies that the holder of the interim certificate will be entitled to new shares as soon as issued for delivery, and upon the happening of that event he is bound to cancel the old certificate (if, indeed, it was not canceled when surrendered, as alleged in the interim certificate). The defendant has performed the duties of his trust, as far as such duties appear from the facts alleged in the complaint. It is only from the facts alleged that the extent and nature of the duty owed plaintiff by defendant may be determined. As stated by Judge Jewett in the case of City of Buffalo v. Holloway, 7 N. Y. 493, at page 498, 57 Am. Dec. 550: "The difficulty is the want of any statement of facts from which the duty arises; for an allegation of the duty is of no avail unless from the rest of the complaint the facts necessary to raise the duty can be collected." It is an elemental principle of equity, as contended by plaintiff, that a trustee must not do any act inconsistent with the trust, or deny the title of the cestui que trust. But the plaintiff must set forth facts which are inconsistent with the trust, or constitute the denial of the cestui's trust. In Knapp v. The City of Brooklyn, 97 N. Y. 520, where the injury was alleged to have been caused "by reason of the illegal action, frauds, and irregularities of the officers," etc., of the defendant, Judge Finch, at page 523, says: "No actions of such officers are pointed out as illegal; no frauds are described or averred; no irregularities are specified; and so no facts are pleaded upon which issue can be taken, or which indicate to the court or adversary the questions intended to be tried." The allegations in this complaint that "defendant has arbitrarily and wrong-

fully manipulated the affairs of said company, so that the said shares have not been placed in the hands of C. H. De Witt & Co. for delivery to the holder of said interim certificate, and has denied and disputed the right and title of said Willis B. Dowd and his assigns to said 250 shares of stock therein mentioned," are not allegations of facts, but the averment of conclusions of law. In Phinney v. Phinney, 17 How. Prac. 197, the allegations that the defendant has "taken upon himself the exclusive management of the estate," and with the "connivance and consent" of another has "greatly mismanaged it," to the damage of the plaintiffs, were held to be conclusions of law. In Taylor v. Atlantic Mutual Ins. Co., 2 Bosw. 106, where it was alleged that the defendants had wrongfully made use of the slip, Judge Bosworth says, at page 116: "The allegation that it was wrongful, and in violation of the plaintiff's rights, is not an allegation of a fact, but is the pleader's view of the nature of the acts which he describes." N. Y. & Mt. Vernon Transp. Co. v. Tyroler, 25 App. Div. 161, 48 N. Y. Supp. 1095; Van Schaick v. Winne, 16 Barb. 89. In the case before me not a single fact is alleged from which the court can infer that the defendant's acts were wrongful, or that he has violated the trust alleged. Upon demurrer, the conclusions of law are not admitted.

As none of the facts upon which the conclusions are based are stated, the demurrer, upon the ground that the complaint does not state sufficient facts to constitute a cause of action, is sustained. Leave is granted to amend the complaint, upon payment of costs, within 20 days after service of the order herein.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

J. M. Ferguson, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of court below, with leave to plaintiff to amend on payment of costs in this court and in the court below.

---

(43 Misc. Rep. 304.)

WAIT et al. v. HUDSON VALLEY RY. CO.

(Supreme Court, Special Term, Saratoga County.   March, 1904.)

1. EMINENT DOMAIN—ACTION BY OWNERS—INJUNCTION.
   Under Code Civ. Proc. § 3379, providing, among other things, that defendant in eminent domain proceedings may continue in possession of the land, an order staying defendant from continuing any action against plaintiff in condemnation proceedings, which action accrued prior to the commencement of such proceedings, is unauthorized.

Action by James L. Wait and others against the Hudson Valley Railway Company. Motion by plaintiffs to modify an injunction. Denied.

J. H. Bain, for the motion.
W. L. Kiley, opposed.

SPENCER, J. This action was commenced by the service of summons and complaint on the 11th day of September, 1901. The complaint alleges the plaintiffs' ownership of a parcel of land specifically described, and that in June, 1901, the defendant's predecessor entered thereupon, broke down and removed fences, dug up and removed soil, permitted cattle to injure and destroy grain and produce growing thereon, and also upon adjoining premises belonging to plaintiffs, and that defendant is in possession of the parcel particularly described, and demands possession thereof, and damages in the sum of $1,000.   Sub-